FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 31, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH RUTH HOWARD,<br><br>Defendant. | No. 1:25-CR-02105-RLP-2<br><br>ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT ON INDICTMENT AND GRANTING THE UNITED STATES' MOTION FOR DETENTION<br><br>**MOTION GRANTED**<br>**(ECF No. 22)** |

On December 29, 2025, the Court held a hearing for Defendant ELIZABETH RUTH HOWARD's initial appearance and arraignment based on an Indictment. Defendant appeared in custody represented by Assistant Federal Defender Ben Hernandez. Assistant U.S. Attorney Michael Murphy represented the United States. U.S. Probation Officer Araceli Mendoza was also present. Defendant consented to the proceedings being conducted by video with the Court presiding in Spokane, Washington; and Defendant, and her counsel, and the Government appearing in Yakima, Washington.

Defendant was advised of, and acknowledged, her rights. The Court entered a plea of not guilty to the Indictment on Defendant's behalf. The Office of the Federal Defenders of Eastern Washington and Idaho was appointed to represent the Defendant in this matter.

ORDER - 1

The United States sought Defendant's detention.  **ECF No. 22**.  Defendant, personally and through counsel, waived her right to a detention hearing but reserved the right to revisit the issue of detention should circumstances change.

Accordingly, **IT IS ORDERED:**

1.  The United States' Motion for Detention, **ECF No. 22**, is **GRANTED**.  Defendant shall be held in detention pending disposition of this case or until further order of the Court.  Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.

2.  If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy.  Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

ORDER - 2

  3. If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant. If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

  4. The Court directs the parties to review the Local Criminal Rules: https://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders

  5. Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*:

   a. The government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price,* 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.

   b. Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

   c. If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in*

ORDER - 3

*camera* review and/or withholding or subjecting to a protective order all or part of the information.

    d.    This Disclosure Order is entered under Rule 5(f) and does not relieve any part in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 582 U.S. 313, 315 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

6.    If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED December 31, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4